# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOBBY BRUCE WHITE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No. 07-3182-CM** |
| **ROGER WERHOLTZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This civil rights action filed by *pro se* plaintiff Bobby Bruce White, an inmate currently housed in the Larned State Security Hospital, is before the court on plaintiff's Motion for Additional Information Needed for "*Martinez* Report" (Doc. 38 ). In his motion, plaintiff essentially seeks discovery from defendants.

Also pending before the court are two dispositive motions filed by various defendants. The court intends to rule on the two pending dispositive motions before allowing discovery in this case. After the court has ruled on defendants' motions, the court may at that time assign the case to a magistrate judge for scheduling and discovery. *See* D. Kan. R. 9.1(k) ("All cases filed by a prisoner shall be exempt from requirements under the Federal Rules of Civil Procedure that mandate a scheduling order, Fed. R. Civ. P. 16(b), disclosure of information, Fed. R. Civ. P. 26(a), and a planning meeting between the parties or their attorneys, Fed. R. Civ. P. 26(f). These exemptions do not preclude the court from imposing any or all of these requirements if necessary for effective management of a particular action."). If the court permits discovery in this case, plaintiff may renew his request at that time.

To the extent that plaintiff's motion may be construed as a request for a more complete

*Martinez* report, the court denies the request. The broad discovery that plaintiff seeks is outside the scope of a *Martinez* report. "The purpose of a *Martinez* report is simply to give the trial court sufficient information for the orderly consideration of issues." *Davis v. McKune*, No. 93-3270, 1994 WL 7106, at *1 (10th Cir. Jan. 13, 1994). In cases pursued by *pro se* prisoners, the court often orders that a *Martinez* report be prepared to develop a sufficient record for the court to determine whether the prisoner's claims are factually or legally supported. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see generally Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (holding that the report is necessary to determine "preliminary issues including those of jurisdiction"). The court determines that the additional information requested by plaintiff is unnecessary and that it would be unduly burdensome to require defendants to produce it at this time. Again, plaintiff may renew his request after the court has ruled on defendants' pending motions, if the court refers the case to a magistrate judge for scheduling and discovery.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Additional Information Needed for "*Martinez* Report" (Doc. 38 ) is denied without prejudice.

Dated this 23rd day of March 2009, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**