IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOBBY BRUCE WHITE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 07-3182-CM |
| **ROGER WERHOLTZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This § 1983 civil rights action filed by *pro se* plaintiff Bobby Bruce White, an inmate currently housed in the Larned Correctional Mental Health Facility ("Larned"), is before the court on Defendant Cynthia Hendry, LSCSW's Motion for Summary Judgment (Doc. 33). The action arises out of an assault by a prison officer at Hutchinson Correctional Facility, plaintiff's transfer to Lansing Correctional Facility (where defendant Hendry is a licensed clinical social worker) and his treatment there, and plaintiff's subsequent transfer to Larned. Defendant Hendry asks the court to grant summary judgment on plaintiff's claims against her because (1) she did not have a duty to supervise correctional officers; (2) she did not have a duty to provide a due process hearing before plaintiff's transfer to Larned; and (3) plaintiff's allegations do not constitute deliberate indifference. For the following reasons, the court grants defendant's motion in part and denies it in part.

### I.   STANDARD OF REVIEW

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Because of plaintiff's status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

## II.   FACTUAL BACKGROUND

Defendant Hendry submitted a short list of uncontroverted facts in her motion for summary judgment. Plaintiff did not controvert any of those facts. Those facts are therefore taken as true for purposes of this motion, and are presented below.

Defendant Hendry is a licensed clinical social worker employed by Correct Care Solutions. She is the Coordinator of Mental Health Services at Lansing Correctional Facility. She is not trained in the proper use of force by correctional officers, and she has no supervisory responsibilities over any correctional officers employed by the Kansas Department of Corrections.

## III.   DISCUSSION

Plaintiff's complaint is lengthy on rhetoric, but relatively short on specific factual allegations. He makes a number of general allegations about groups of defendants, but does not

always connect the particular allegations to the actions of a particular defendant. Mindful that plaintiff proceeds *pro se*, the court has construed his complaint liberally. *See Hall*, 935 F.2d at 1110. As the court can best discern, plaintiff's specific allegations against defendant Hendry are that she: (1) failed to control and monitor a situation where plaintiff was subjected to excessive force; (2) failed to follow proper policing of the area; (3) failed to provide plaintiff with medical and mental health care because of negligence and malpractice; and (4) failed to provide plaintiff with a proper hearing with a representative before his transfer to Larned.

Plaintiff also mentions defendant Hendry in the context of allegations that certain defendants disregarded grievance issues and planned to move him to a multi-man cell (Counts II and III). But he does not specifically allege that he brought grievances to defendant Hendry's attention or that she was involved in the decision to transfer him to a multi-man cell—a decision that was made at Hutchinson Correctional Facility. Defendant Hendry works at Lansing Correctional Facility. The court determines that plaintiff failed to properly allege defendant Hendry's personal participation in these acts and, to the extent that he attempts to state a claim for them, the court dismisses those claims.

## A.   **Failure to Monitor**

Plaintiff alleges that defendant Hendry violated his constitutional rights by failing to monitor and control correctional officers who allegedly used excessive force on him. But in his brief in opposition to defendant Hendry's motion, he also specifies that he "does not make the claim that Defendant Cynthia Hendry has any duty, responsibility, or power to supervise the correctional officers at LCF." In the absence of a duty to monitor or control officers, defendant Hendry cannot, as a matter of law, have violated plaintiff's constitutional rights. The court grants summary judgment on this claim.

**B.      Failure to Follow Proper Policing**

Plaintiff alleges that defendant Hendry failed to properly police the area where plaintiff was left after being beaten by correctional officers. Again, plaintiff fails to allege that defendant Hendry had a duty to "police" the area. The evidence establishes that defendant Hendry had no supervisory responsibility over correctional officers. There is no evidence suggesting that she was present when excessive force was used or that she was aware of the incident with plaintiff until after it occurred. The court grants summary judgment on this claim.

**C.      Failure to Provide Mental and Medical Care**

Plaintiff claims that "mental health" failed to provide him with mental and medical care "because of negligence, malpractice. . . ." To the extent that this claim pertains to defendant Hendry, she is entitled to summary judgment. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Neither negligence nor malpractice is actionable as a constitutional violation.

**D.      Denial of Due Process Hearing**

Finally, plaintiff claims that defendant Hendry should have provided plaintiff with an adversarial due process hearing before transferring him to Larned. At this stage of the proceedings, the record is not clear as to who was responsible for effecting the transfer. Defendant Hendry claims in her brief that any legal duty for transfer is the responsibility of the Kansas Department of Corrections, but she does not point the court to where in the record this statement is supported. It appears that, at a minimum, mental health officials may have been responsible for suggesting that a transfer would be appropriate.

At this time, the court is unable to rule that plaintiff cannot prevail on this claim. Summary

-4-

judgment is denied without prejudice.

**IT IS THEREFORE ORDERED** that Defendant Cynthia Hendry, LSCSW's Motion for Summary Judgment (Doc. 33) is granted in part and denied in part.

Dated this 4th day of May 2009, at Kansas City, Kansas.

>                 **s/ Carlos Murguia**
>                 **CARLOS MURGUIA**
>                 **United States District Judge**