IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOBBY BRUCE WHITE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 07-3182-CM |
| **ROGER WERHOLTZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This § 1983 civil rights action filed by *pro se* plaintiff Bobby Bruce White, an inmate currently housed in the Larned Correctional Mental Health Facility ("Larned"), is before the court on Defendants' Motion to Dismiss (Doc. 35). The action arises out of an assault by a prison officer at Hutchinson Correctional Facility, plaintiff's transfer to Lansing Correctional Facility and his treatment there, and plaintiff's subsequent transfer to Larned. Plaintiff claims that defendants violated his Fifth, Eighth, and Fourteenth Amendment rights in a variety of ways, including: (1) using excessive force; (2) disregarding grievance issues and regulations; (3) denying plaintiff adequate medical and mental care; (4) subjecting plaintiff to inhumane conditions; (5) denying plaintiff his property; (6) denying plaintiff meaningful access to the library; (7) denying plaintiff due process with legal representation before involuntarily committing him to Larned; and (8) denying plaintiff equal treatment with respect to living conditions, medical care, job assignments, compensation, and disciplinary treatment. Defendants Roger Werholtz, David McKune, Karen Rohling, James Jones, Mr. Holthaus, and Carolyn Perez ask the court to dismiss the claims against them because (1) plaintiff failed to allege facts showing that defendants personally participated in the alleged constitutional violations; and (2) plaintiff fails to adequately allege violations of the

Fifth, Eighth, or Fourteenth Amendment rights.

## I.     STANDARD OF REVIEW

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Because of plaintiff's *pro se* status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

## II. DISCUSSION

With these standards in mind, the court concludes that it cannot grant defendants the relief they seek at this time. Defendants move to dismiss the case based on the allegations in plaintiff's *pro se* complaint. Although the complaint contains a number of conclusory allegations, it also contains facts—in some places—to support the allegations. Defendants have not made an attempt to present the facts and connect them to specific claims and defendants. Rather, defendants urge the court to dismiss the case in its entirety based on generalized arguments that plaintiff failed to allege personal participation in the various acts by defendants and that plaintiff failed to state a constitutional claim. In doing so, defendants refer the court only to certain portions of plaintiff's complaint, ignoring other portions where defendants are mentioned in connection with specific counts.

It may be that defendants are correct—if they were to provide the court with further support and analysis for their arguments. But defendants' arguments are as conclusory as some of plaintiff's allegations. Defendants bear the burden of showing that plaintiff is not entitled to proceed with his case or individual claims. The court will not make their specific arguments for them or supply the analytical connections that defendants failed to make. The court will not do that for *pro se* plaintiffs, and it will not do it for defendants. At this time, the court denies defendants' motion without prejudice.

The court will not set the case for scheduling until at least sixty days have passed. If, during that time, defendants elect to file another dispositive motion, the court will take up that motion before proceeding further with the case. If defendants do not file another dispositive motion within

sixty days, the court will refer the case to a magistrate judge for scheduling and discovery.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 35) is denied without prejudice.

Dated this 4th day of May 2009, at Kansas City, Kansas.

                                       **s/ Carlos Murguia**
                                       **CARLOS MURGUIA**
                                       **United States District Judge**