# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE, )
)
        Plaintiff, )
) CIVIL ACTION
v. )
) Case No. 07-3182-CM
ROGER WERHOLTZ, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 civil rights action filed by *pro se* plaintiff Bobby Bruce White, an inmate currently housed in the Larned Correctional Mental Health Facility ("Larned"), is before the court on Defendants' Second Motion to Dismiss (Doc. 45). The action arises out of an assault by a prison officer at Hutchinson Correctional Facility, plaintiff's transfer to Lansing Correctional Facility and his treatment there, and plaintiff's subsequent transfer to Larned. Plaintiff claims that defendants violated his Fifth, Eighth, and Fourteenth Amendment rights in a variety of ways, including: (1) using excessive force; (2) disregarding grievance issues and regulations; (3) denying plaintiff adequate medical and mental care; (4) subjecting plaintiff to inhumane conditions; (5) denying plaintiff his property; (6) denying plaintiff meaningful access to the library; (7) denying plaintiff due process with legal representation before involuntarily committing him to Larned; and (8) denying plaintiff equal treatment with respect to living conditions, medical care, job assignments, compensation, and disciplinary treatment. Defendants Roger Werholtz, David McKune, Karen Rohling, James Jones, Mr. Holthaus, and Carolyn Perez ask the court to dismiss the claims against them because plaintiff failed to allege facts showing that defendants personally participated in the alleged constitutional violations.

## I. STANDARD OF REVIEW

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). When evaluating a Rule 12(b)(6) motion, the court may consider not only the contents of the complaint, but also the contents of any attached exhibits. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). Here, plaintiff filed Doc. 4, a supplement to his complaint, simultaneously with his complaint. The court considers the evidence supplied in Doc. 4 when determining whether to allow the claims in this case to proceed.

Because of plaintiff's *pro se* status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding *pro se*. *Hall*, 935 F.2d at 1110. The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

## II. DISCUSSION

Defendants contend that plaintiff has failed to adequately allege personal participation by each of the defendants in the alleged constitutional violations. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citation omitted). Plaintiff must allege facts that tend to "establish a connection or a link between the alleged misconduct and constitutional violations [of] any of the defendants." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 (10th Cir. June 21, 2000). Moreover, under the standards for dismissal discussed above, plaintiff must provide each defendant with fair notice of the claims against that individual. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important in [§ 1983 cases] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

**A. Defendant Werholtz**

Defendant Werholtz serves the Kansas Department of Corrections in a supervisory capacity; he is the Secretary of Corrections. Under a theory of supervisory liability, "[a] supervisor is not liable under section 1983 unless an 'affirmative link' exists between the deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'" *Specht v. Jensen*, 832 F.2d 1516, 1524 (10th Cir. 1987), judgment, but not opinion, *vacated*, 837 F.2d 940 (1988) (quoting *McKay v. Hammock*, 730 F.2d 1367, 1374 (10th Cir. 1984)). Before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

The following list identifies the claims against defendant Werholtz and his alleged personal participation—if any—in the claims: (1) denied plaintiff his Fifth and Fourteenth Amendment rights to "adversarial due process" before transferring plaintiff to Larned by denying plaintiff legal representation; (2) denied plaintiff access to the courts by inadequately staffing and equipping the law library; (3) denied plaintiff his personal property and reimbursement for lost property; (4) denied plaintiff equal protection by housing him in isolated confinement and allowing repeated moves to various facilities after the assault by Officer Knight and by failing to act on complaints and adhere to policy. The court will consider the claims against defendant Werholtz individually, although it will not discuss the claims against the other individuals in such detail, as the same analysis and rationale used below applies to many of them.

*1.     Denial of Adversarial Due Process*

Plaintiff's first claim against defendant Werholtz is found in Counts IV and V of his complaint. As "supporting facts" for these claims, plaintiff states:

[T]hey continued to violate the plaintiff's Constitutional, civil and basic human rights

-4-

> by holding the plaintiff in substandard isolation over 30 days without proper medical, mental heath care, assistance of 'legal representation;' and an adversarial due process; hearing in a court of law in violation of the U.S. Constitution in regard to the substantive and liberty interest of prisoners and state law, IMPP 110109 and Attachment 'B' policy/regulations; before the involuntary commitment of a prisoner to a State Mental Health facility of the plaintiff and then LCMHF Warden Karen Rohling allowing it to happen, without following of proper procedures and paperwork and court order from an adversarial due process court of law.

(Compl., at 12.)

Absent from these allegations is any mention of defendant Werholtz's role in the actions that plaintiff claims violated his rights. Plaintiff makes allegations generally against the collective group of defendants, which fails to give defendant Werholtz proper notice of the specific claims against him and fails to connect defendant Werholtz's personal participation with the alleged acts. The complaint does not discuss who placed plaintiff in "substandard isolation," if or when plaintiff requested a hearing, and if or when defendant Werholtz denied any such request. From the sparse facts alleged, the court is left to presume that plaintiff includes defendant Werholtz in this action because of his supervisory role as Secretary of Corrections. This reason for inclusion is insufficient under the standards for a § 1983 action.

2.  *Denial of Access to the Courts*

Count VII of plaintiff's complaint asserts a violation of plaintiff's "right to legal assistance of counsel for inmates found necessary to be involuntar[ily] place[d] in a State Mental Health Facility." As factual support for this count, plaintiff states:

> Roger Werholtz acting as Secretary of Corrections, LCMHF Warden Karen Rohling and Carolyn Perez CCII LCMHF Correctional Counselor, all have privately and in their official capacity as employees/officers of the KDOC . . . have allowed the denial of meaningful scheduled law library time as punishment, over and above any punishment assigned by the disciplinary officer, then Legal Services for Prisoners have refused to assist the plaintiff, because a potential monetary award existed for this case, but also the denial along with the constant moves to various facilities has prevented the plaintiff from filing an appellant supplemental brief to the Kansas

> Supreme Court for the plaintiff's second direct appeal. They have failed to provide
> an adequately staffed law library, with sufficiently supplied law book[s] or research
> material and equipment, available adequate operating hours and equal treatment
> regarding law library time scheduling.

(Compl., at 13.) Again, plaintiff fails to offer any information about how defendant Werholtz was involved in making decisions about plaintiff's library time or his role in determining staffing and resources for the library. Without allegations specifically tying defendant Werholtz to these allegations, the claim must fail under *Twombly*.

*3.     Denial of Personal Property and Reimbursement of Lost Property*

Plaintiff's allegations that defendant Werholtz denied him personal property and reimbursement do not fall squarely within any count of the complaint. Plaintiff discusses these allegations, however, in the "supporting facts" for Counts II and III. There, plaintiff alleges:

> But, HCF Officers and Supervision decided instead to disregard any mental health
> concerns the plaintiff had for his personal safety and staying out of trouble; and with
> "wanton disregard" and/or a "culpable state of mind," and/or oppressively and/or
> "abusively" intent used an "inappropriate interaction" by the assault of the plaintiff
> by Officer Knight which caused further mental distress and anxiety to the plaintiff,
> along with the aforementioned lack of abatement, loss of personal property, and
> denial to due process, medical care and access to the courts.

(Compl., at 11.) Plaintiff's general allegations against HCF Officers and Supervision are insufficient to give defendant Werholtz notice of the claims against him. *See Robbins*, 519 F.3d at 1250 ("Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

*4.     Equal Protection Claims*

The court is uncertain which count plaintiff brings his equal protection allegations against

defendant Werholtz under, but it appears to best fall under Count VII. The supporting facts for Count VII are similar to those identified above; they include allegations against several defendants without specifying which defendant took which action. Plaintiff alleges that three defendants, including defendant Werholtz, failed to answer plaintiff's complaints and grievances. But he does not allege when he filed the grievances or the complaints or their subject matter. Some of the grievances may be included as exhibits to plaintiff's complaint, but the court cannot discern whether the grievances filed as exhibits are the ones about which plaintiff complains. Most—if not all—of them appear to have answers by officers. In any event, denial of grievances is insufficient to establish personal participation. *See Larson v. Meek*, No. 04-1169, 2007 WL 1705086, at \*3 (10th Cir. June 14, 2007); *Livingston v. Correct Care Solutions*, No. 07-3256-SAC, 2008 WL 1808340, at \*1 n.1 (D. Kan. Apr. 17, 2008) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Defendant Werholtz is dismissed from this action.

**B.     Defendant McKune**

Like defendant Werholtz, defendant McKune has a supervisory role; he serves as warden of Lansing Correctional Facility. Plaintiff claims that defendant McKune: (1) failed to train, create policies, and supervise officers about dealing with inmates in the Therapeutic Recovery Unit ("TRU"); (2) failed to help plaintiff receive due process in the disciplinary reports and in filing charges against defendant Knight and Hutchinson Correctional Facility; (3) failed to properly oversee and create and enforce policy of mental health services workers, who denied plaintiff a due process hearing and legal representation; (4) failed to provide legal representation before committing plaintiff to Larned; (5) failed to supervise and enforce policies to ensure that inmates had hygiene products and were not denied access to property and were integrated into the facility; and (6) colluded with defendants Bruce and Werholtz. The problem again with most of plaintiff's

-7-

allegations is that they are not specifically against defendant McKune. Plaintiff groups defendant McKune with others when making his broad allegations, and does not identify specific acts that each defendant took in furtherance of the alleged constitutional violations. For example, the "supporting facts" for Counts II and III state:

> Roger Werholtz - Secretary of Corrections; L.E. Bruce - Warden HCF (Hutchinson Correctional Facility); J.K. Jones - Grievance/Property Officer-LCF and David R. McKune-Warden LCF (Lansing Correctional Facility), each did consciously and in collusion with each other, in their Private and Official Capacity as Kansas Department of Corrections employees, with "Deliberate Indifference" and/or "Reckless Disregard," followe[] a policy of disregarding grievance issues, IMPP regulations, and proper investigations and disclosure as State Law enforcement officers, thus denying "due process" and the medical/mental health staff, knowing the plaintiff faced substantial risk of serious harm by the use of excessive force and the forced move to a multi-man cell in conflict with RDU mental health evaluation report, thus causing denial of adequate medical care and cruel and unusual punishment, and then these officials disregarded that risk by failing to take reasonable measures to abate it. The plaintiff was told by the cell house officer that he was going to be moved to a multi-man unit in D-cell house, which was known by the name of gladiator camp, because of all the gang-banger fights and younger aged inmates that resided in that unit. The plaintiff was merely requesting to see mental health and the Unit Team Counselor before being moved. But, HCF Officers and Supervision decided instead to disregard any mental health concerns the plaintiff had for his personal safety and staying out of trouble; and with "wanton disregard" and/or a "culpable state of mind," and/or oppressively and/or "abusively" intent used an "inappropriate interaction" by the assault of the plaintiff by Officer Knight which caused further mental distress and anxiety to the plaintiff, along with the aforementioned lack of abatement, loss of personal property, and denial to due process, medical care and access to the courts.

(Compl., at 10.) This language falls far from the factual support contemplated and required by *Twombly*. While plaintiff need not meet the higher "particularity" standards of pleading a cause of action such as fraud, *see* Fed. R. Civ. P. 9, plaintiff still must identify "*who* is alleged to have done *what* to *whom*," *Robbins*, 519 F.3d at 1250.

Similarly, in Counts IV and V, plaintiff alleges:

Mr. Holthaus CCII - LCF Correctional Counselor; Cynthia Hendry - LCF Mental Health Coordinator; David R. McKune - LCF Warden; Karen Rohling - LCMHF

-8-

> Warden; and Roger Werholtz - KDOC Secretary of Corrections; Each did consciously and in collusion with each other, in their Private and Official capacity as Kansas Department of Corrections employees followe[] a policy of "Reckless Disregard" and/or "Deliberate Indifference" by continuing the collusion and failure to give the plaintiff relief and equal protection of the law, through the plaintiff's complaints and grievances and further acted to cover up the excessive force and misconduct used by the Lansing Correctional Officers and their negligence, when the plaintiff in a state of (non-violent) frustration, of the continued conditions of confinement, because lack of justice and "due process" in the dealing with the loss of paperwork and ignoring of the plaintiff's grievances, the plaintiff was diagnosed and operated on for cancer, then while still healing, the plaintiff was unjustifiably ejected from the chow hall, for the second time and not allowed to eat. Then these Lansing Correctional Officers further attacked and assaulted/traumatizing the plaintiff with unnecessary excess force when the plaintiff stated; "he would never return back to that chow hall." Mental health failed to properly monitor the situation; traumatized by the brutal treatment of the Lansing Officers which caused additional major mental and physical injury, failed to immediately provide medical and mental health care, because of negligence, malpractice and while acting oppressively and/or abusively and then, they continued to violate the plaintiff's Constitutional, civil and basic human rights by holding the plaintiff in substandard isolation over 30 days without proper medical/mental health care, assistance of "legal representation" and an "adversarial due process" hearing in a court of law in violation of the U.S. Constitution in regard to the substantive and liberty interest of prisoners and state law, IMPP 11-109 and Attachment "B" policy/regulations; before the involuntary commitment of a prisoner to a state mental health facility of the plaintiff and then LCMHF Warden Karen Rohling allowing it to happen, without the following of proper procedure and paperwork and court order from an adversarial due process court of law.

(Compl., at 11–12.)

The court is uncertain exactly in what acts plaintiff claims defendant McKune participated. It appears that plaintiff seeks to hold defendant McKune responsible for the acts of others under a theory of supervisory liability. But, as explained above, supervisory liability "must be based upon active unconstitutional behavior"—"more than a mere right to control employees." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1153 (10th Cir. 2006) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Moreover, at least some of the conduct alleged above appears to be by employees not under the control of defendant McKune; he is warden at Lansing, and several of the

events described allegedly occurred at Hutchinson. The one exception to plaintiff's failure to plead personal participation is the claim for failing to provide due process and legal representation before committing plaintiff to Larned. Although plaintiff does not make the personal participation connection in the supporting facts, elsewhere in the complaint he does specifically allege that defendant McKune participated in this alleged denial of constitutional rights. The court will allow this claim to proceed.

Finally, plaintiff appears to seek to recover from defendant McKune based on the denial of grievances. Again, a denial of grievances is insufficient to constitute personal participation for § 1983 liability.

For these reasons, all of the claims against defendant McKune are dismissed except for the claim that defendant McKune involuntarily committed plaintiff to Larned without due process and legal representation.

## C. Defendant Rohling

Defendant Rohling is the third defendant who acts in a supervisory capacity—she is warden of Larned. Plaintiff alleges that defendant Rohling violated his constitutional rights by: (1) allowing and creating a policy of denying meaningful scheduled library time and legal services; (2) failing to provide meaningful library material by removing books; (3) failing to provide reasonable quality and quantity of computer search equipment, typewriters, and available use/access time; (4) repeatedly moving plaintiff from other facilities, preventing him from submitting a supplemental brief for appeal; (5) causing a potential health risk by failing to provide enough hygiene equipment and failing to supervise staff's use of bio-hazard policy and procedures; (6) allowing disciplining and recording of erroneous and/or misleading reports to "impu[gn] the validity of plaintiff's concerns, designed to cause negative impact for any possible future release of plaintiff"; (7) creating and/or

-10-

enforcing policies designed to deny inmates access to personal property without due process; (8) creating and enforcing policies that violate equal treatment; and (9) knowingly allowing plaintiff to be involuntarily committed to Larned without an adversarial due process hearing and a legal representative. Plaintiff brings his allegations against defendant Rohling in Counts IV, V, VI, and VII.

The court has already discussed the inadequacies in the supporting facts for Counts IV and V when considering the adversarial due process claims against defendant Werholtz. The claim against defendant Rohling, however, is different in one respect: plaintiff does mention her by name, claiming that she allowed his commitment to happen without requiring proper procedures or paperwork and a court order from an "adversarial due process court of law." There is no requirement of a court order before involuntary commitment to a prison mental facility, and the court will dismiss that portion of this claim. *See generally Parham v. J.R.*, 442 U.S. 584, 607 (1979) ("Due process has never been thought to require that the neutral and detached trier of fact be law trained or a judicial or administrative officer."). But the court determines that plaintiff has alleged personal participation by defendant Rohling in his claim that she, as warden of Larned, accepted him into the facility without requiring proper procedures or paperwork.

In support of Counts VI and VII, plaintiff states:

Roger Werholtz acting as Secretary of Corrections, LCMHF Warden Karen Rohling and Carolyn Perez CCII LCMHF Correctional Counselor, all have privately and in their official capacity as employees/officers of the KDOC have continued to allow the oppressive and abusive condition of incarceration of the plaintiff in a "Deliberate Indifference" and/or with "Reckless Disregard" manner by failing to properly answer and give relief to the plaintiff's complaints and grievances in an unbias[ed] manner through the "due process" procedure, while at LCMHF. They have allowed the potentially hazardous condition, which did cause minor injury to the plaintiff, in regard to the number of shower heads per prisoners and not always having them properly cleaned and sanitized or even having cleaning/sanitizing chemicals available. They have failed to oversee that proper bio-hazard procedures are

-11-

> followed relating to the laundry coming out of E-Unit and the clinic; have allowed the denial of meaningful scheduled law library time as punishment, over and above any punishment assigned by the disciplinary officer, then Legal Services for Prisoners have refused to assist the plaintiff, because a potential monetary award existed for this case, but, also the denial along with the constant moves to various facilities has prevented the plaintiff from filing an appellant supplemental brief to the Kansas Supreme Court for the plaintiff's second direct appeal. They have failed to provide an adequately staffed law library, with sufficiently supplied law book or research material and equipment, available adequate operating hours and equal treatment regarding law library time scheduling. Carolyn Perez CCII has also followed a policy of reprisal for the invoking of the grievance procedure by the plaintiff, by the unequal treatment of job assignments, compensation, disciplinary action and then the making of false and erroneous prisoner reports about the plaintiff. This was all done, as an attempt to justify unjust and illegal conditions of confinement, because of the LCMHF approach to mental health treatment which is primarily disciplinary in nature and not medical or psychological, thus any treatment the plaintiff has received could have been done in a[] State penal facility.

(Compl., at 13.)

These supporting facts do not provide the court with enough information to find that plaintiff has alleged personal participation by defendant Rohling in any purported violations of plaintiff's constitutional rights. Defendant Perez is the only defendant mentioned individually in the above paragraph. The other facts do not specify which defendant took which action. Moreover, they are nothing but conclusory allegations; for example, plaintiff claims that "they" have allowed denial of library time as a punishment, but plaintiff does not state when he was denied library time as a punishment or who denied it to him. Even in the exhibits to plaintiff's complaint, plaintiff only states that "staffing" refused his library time request. (Doc. 4, at 20). As another example, plaintiff alleges that "they" created and enforced policies that violate equal treatment. But plaintiff does not describe which policies he is referring to or how they violated equal treatment. Plaintiff's allegations are insufficient to survive defendants' motion to dismiss.

**D.     Defendant Jones**

Defendant Jones is a grievance/property officer at Lansing Correctional Facility. Plaintiff's

claims against defendant Jones are more limited than those against others: he alleges that defendant Jones denied him due process with respect to the assault of defendant Knight and receiving reimbursement for lost property. Plaintiff further claims that after he received his lost property, defendant Jones lost his legislative claim. In regard to specific counts of the complaint, the only mention of defendant Jones comes in Counts II and III, which the court has previously set forth in the discussion about defendant Werholtz.

For the same reasons Counts II and III fail against defendant Werholtz, they fail against defendant Jones. Plaintiff has not given the court or defendant Jones adequate notice of the actions that he allegedly took that violated plaintiff's rights. The allegations against defendant Jones include allegations that "HCF officers and Supervision" took certain actions. Defendant Jones is neither an HCF officer or a supervisor. And plaintiff's specific allegations against defendant Jones are conclusory. He offers no factual support for his claim that defendant Jones denied him due process or lost his legislative claim. Moreover, the court is uncertain how defendant Jones personally participated in a denial of plaintiff's due process rights regarding the assault by defendant Knight, when the assault occurred at Hutchinson Correctional Facility, and defendant Jones is employed at Lansing. Defendants' motion to dismiss is granted as to defendant Jones.

**E.    Defendant Holthaus**

Defendant Holthaus is a TRU Unit Team Counselor at Lansing Correctional Facility. According to plaintiff, defendant Holthaus violated his constitutional rights by: (1) failing to do required paperwork to integrate plaintiff into Lansing; (2) failing to supply or assist plaintiff with getting his personal hygiene products; (3) denying plaintiff access to his personal property, including legal/court paperwork; (4) failing to see that plaintiff received due process and was properly reimbursed for property; (5) failing to see that plaintiff was supplied with proper legal representation

and adversarial due process before he was transferred to Larned; and (6) failing to monitor the physical assault of plaintiff at the chow hall.

The problem with plaintiff's allegations is that he does not explain how defendant Holthaus participated in each of the above acts. Because plaintiff does not specify which defendant was involved in which specific acts and does not give the court more factual details about the acts, the court cannot tell whether defendant Holthaus was present at the time of the alleged acts or whether he had a duty to engage in particular acts in order to secure plaintiff's constitutional rights. As with the majority of the other defendants in this case, plaintiff has failed to allege defendant Holthaus's personal participation in the alleged constitutional violations. Defendant Holthaus is dismissed from the case.

## F.     Defendant Perez

Defendant Perez is a Correctional Counselor at Larned. Plaintiff claims that she: (1) denied him scheduled library time; (2) in retaliation for grievances, made negative and false comments in a review; (3) allowed plaintiff to be unjustly disciplined without due process; and (4) ignored danger to plaintiff by the spread of disease from unsanitary and insufficient hygiene/shaving equipment and by failing to comply with the bio-hazard handling policy in the laundry area.

Like all of the other defendants, the allegations against defendant Perez are not separated from the allegations against others—with the exception of one allegation. Plaintiff does specifically allege that in retaliation for grievances, defendant Perez made negative and false comments in a review. Defendant Perez asks the court to dismiss this claim because (1) plaintiff does not provide the court with any facts from which the court can infer that defendant Perez's actions were retaliatory; and (2) the court does not know when plaintiff filed the grievances or when defendant Perez took actions that plaintiff alleges are retaliatory. Defendant Perez is correct that such

-14-

information is not included in the complaint.  But the court also considers the documents attached to the complaint.  *See Hall*, 935 F.2d at 1112.  Those documents provide more specific information about this claim.  (*See* Doc. 4, at 22–23) (alleging that defendant Perez made false reports after plaintiff gave Grievance #IA-001799 to defendant Perez).  At this time, the court determines that defendant Perez has ample notice of the nature of plaintiff's claim, and that plaintiff meets the requirements of *Twombly*.

**IT IS THEREFORE ORDERED** that Defendants' Second Motion to Dismiss (Doc. 45) is granted in part and denied in part.  The claims remaining in the case are (1) the due process claim against defendant McKune relating to plaintiff's involuntary commitment to Larned; (2) the due process claim against defendant Rohling relating to plaintiff's acceptance into Larned; (3) the retaliation claim against defendant Perez; and (4) the Eighth Amendment claim against defendant Knight (which is not addressed in defendants' motion or this Memorandum and Order).  All other defendants and claims are dismissed from the case.

**IT IS FURTHER ORDERED** that plaintiff must show cause within 30 days of the date of this order why the case should not be dismissed against defendant L.E. Bruce for failure to prosecute.  The record shows that defendant Bruce has not yet been served in this matter, which was filed over two years ago.

Dated this 29th day of October 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**