# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE, )
)
      Plaintiff, )
) CIVIL ACTION
v. )
) Case No. 07-3182-CM
ROGER WERHOLTZ, et al., )
)
      Defendants. )
)

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 civil rights action filed by *pro se* plaintiff Bobby Bruce White, an inmate currently housed in the Larned Correctional Mental Health Facility ("Larned"), is before the court on Defendant's Motion for Judgment on the Pleadings (Doc. 72). The motion is filed by defendant Louis Bruce, the former Warden at Hutchinson Correctional Facility ("HCF"). The action arises out of an assault by a prison officer at HCF, plaintiff's transfer to Lansing Correctional Facility ("LCF") and his treatment there, and plaintiff's subsequent transfer to Larned. Plaintiff claims that defendant Bruce violated his Fifth, Eighth, and Fourteenth Amendment rights in a variety of ways. Defendant Bruce asks the court grant him judgment on the pleadings regarding the claims against him because plaintiff failed to allege facts showing that defendant Bruce personally participated in the alleged constitutional violations.

## I.  STANDARD OF REVIEW

The court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standards as it reviews a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y.*, 971 F.2d 522, 528 (10th Cir. 1992). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). When evaluating a Rule 12(b)(6) motion, the court may consider not only the contents of the complaint, but also the contents of any attached exhibits. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). Here, plaintiff filed Doc. 4, a supplement to his complaint, simultaneously with his complaint. The court considers the evidence supplied in Doc. 4 when determining whether to allow the claims in this case to proceed.

Because of plaintiff's *pro se* status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply

because he is proceeding *pro se*. *Hall*, 935 F.2d at 1110. The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

## II.   DISCUSSION

Before addressing the merits of the parties' arguments, the court first notes that plaintiff suggests in his response brief that defendant Bruce failed to obey a court order by not responding earlier in this action, and that the court should therefore deny defendant Bruce's motion. The court disagrees. There is no indication that defendant Bruce disobeyed any court order. Although the court does not know why defendant Bruce failed to receive service of process when plaintiff filed his complaint, the court granted plaintiff additional time to serve defendant Bruce. (*See* Doc. 63, at 1.) Moreover, defendant Bruce does not move to dismiss the case against him based on lack of proper service. This issue does not merit further discussion.

Defendant Bruce contends that plaintiff has failed to adequately allege his personal participation in the alleged constitutional violations. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citation omitted). Plaintiff must allege facts that tend to "establish a connection or a link between the alleged misconduct and constitutional violations [of] any of the defendants." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 (10th Cir. June 21, 2000). Moreover, under the standards for dismissal discussed above, plaintiff must provide each defendant with fair notice of the claims against that individual. *See Robbins v. Oklahoma*, 519 F.3d 1242,

1250 (10th Cir. 2008) ("[I]t is particularly important in [§ 1983 cases] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

At all relevant times, defendant Bruce served the Kansas Department of Corrections in a supervisory capacity as Warden at HCF. Under a theory of supervisory liability, "[a] supervisor is not liable under section 1983 unless an 'affirmative link' exists between the deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'" *Specht v. Jensen*, 832 F.2d 1516, 1524 (10th Cir. 1988), judgment, but not opinion, *vacated*, 837 F.2d 940 (1988) (quoting *McKay v. Hammock*, 730 F.2d 1367, 1374 (10th Cir. 1984)). Before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Plaintiff names defendant Bruce in Counts II and III of his complaint. In those counts, plaintiff alleges a violation of the Eighth Amendment by HCF employees "in regard to the assault of the plaintiff by Officer Knight and the events that followed" (Count II), and violations of the Fifth and Fourteenth Amendment rights to due process and/or equal protection in regard to the same assault and events that followed (Count III). In support of these counts, plaintiff alleges the following relevant facts:

> Roger Werholtz - Secretary of Corrections; L.E. Bruce - Warden HCF (Hutchinson Correctional Facility); J.K. Jones - Grievance/Property Officer-LCF and David R. McKune-Warden LCF (Lansing Correctional Facility), each did consciously and in collusion with each other, in their Private and Official Capacity as Kansas Department of Corrections employees, with "Deliberate Indifference" and/or "Reckless Disregard," follow[] a policy of disregarding grievance issues, IMPP regulations, and proper investigations and disclosure as State Law enforcement

> officers, thus denying "due process" and the medical/mental health staff, knowing the plaintiff faced substantial risk of serious harm by the use of excessive force and the forced move to a multi-man cell in conflict with RDU mental health evaluation report, thus causing denial of adequate medical care and cruel and unusual punishment, and then these officials disregarded that risk by failing to take reasonable measures to abate it.
>
> The plaintiff was told by the cell house officer that he was going to be moved to a multi-man unit in D-cell house, which was known by the name of gladiator camp, because of all the gang-banger fights and younger aged inmates that resided in that unit. The plaintiff was merely requesting to see mental health and the Unit Team Counselor before being moved. But, HCF Officers and Supervision decided instead to disregard any mental health concerns the plaintiff had for his personal safety and staying out of trouble; and with "wanton disregard" and/or a "culpable state of mind," and/or oppressively and/or "abusively" intent used an "inappropriate interaction" by the assault of the plaintiff by Officer Knight which caused further mental distress and anxiety to the plaintiff, along with the aforementioned lack of abatement, loss of personal property, and denial to due process, medical care and access to the courts.

(Compl., at 10–11.) As the court has already held in a previous order regarding different defendants, this language falls far from the factual support contemplated and required by *Twombly*. While plaintiff need not meet the higher "particularity" standards of pleading a cause of action such as fraud, *see* Fed. R. Civ. P. 9, plaintiff still must identify "*who* is alleged to have done *what* to *whom*," *Robbins*, 519 F.3d at 1250. Plaintiff's allegations are not specifically against defendant Bruce. Plaintiff groups defendant Bruce with others when making his broad allegations, and does not identify specific acts that each defendant took in furtherance of the alleged constitutional violations. These general claims against HCF Officers and Supervision are insufficient to give defendant Bruce notice of the claims against him. *See Robbins*, 519 F.3d at 1250 ("Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). The court is uncertain exactly in what acts plaintiff claims defendant Bruce participated. It appears that plaintiff

seeks to hold defendant Bruce responsible for the acts of others under a theory of supervisory liability. But, as explained above, supervisory liability "must be based upon active unconstitutional behavior"—"more than a mere right to control employees." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1153 (10th Cir. 2006) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Plaintiff alleges that several defendants, including defendant Bruce, disregarded plaintiff's grievance issues. The dates he filed the grievances and their subject matter are unclear. It appears that plaintiff may be referring to defendant Bruce's response to plaintiff's grievance number BA00013825. In that response, attached to Doc. 4, defendant Bruce stated that an investigation had been conducted and that plaintiff's allegations were without merit. Even if defendant Bruce personally participated in denying plaintiff's grievance, however, denial of grievances is insufficient to establish personal participation. *See Larson v. Meek*, No. 04-1169, 2007 WL 1705086, at *3 (10th Cir. June 14, 2007); *Livingston v. Correct Care Solutions*, No. 07-3256-SAC, 2008 WL 1808340, at *1 n.1 (D. Kan. Apr. 17, 2008) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff's general allegations of unconstitutional conduct based on defendant Bruce's denial of a grievance are insufficient to survive defendant Bruce's motion.

Plaintiff also suggests in his response brief that defendant Bruce violated his Fifth and Fourteenth Amendment due process and equal protection rights (1) in conjunction with plaintiff's transfer to Larned and (2) by not allowing plaintiff to "prosecute or at least charge Officer Knight with assault." (Doc. 82, at 4.) These arguments fail for several reasons. First and foremost, they do not appear in plaintiff's complaint. Plaintiff may not provide specific instances of participation in his brief that he did not provide in his complaint.

But even if plaintiff's complaint could be construed liberally to include these claims, the claims are still futile. Plaintiff does not allege in his complaint that defendant Bruce personally

participated in his transfer to Larned—and could not allege such, as the transfer to Larned was initiated by LCF, not HCF, where defendant Bruce was warden. And there is not a viable cause of action for plaintiff's transfer to LCF. A prisoner does not have a right to a particular place of confinement, and the prison system may transfer him from one facility to another without impacting a liberty interest. *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Everson v. Nelson*, 941 F. Supp. 1048, 1050–51 (D. Kan. 1996).

Plaintiff also does not have a due process right to prosecute or charge a corrections officer of a crime. Here, plaintiff was provided notice and an opportunity to be heard through the prison grievance system. That is all that is required. He also fails to state a claim for an equal protection violation. He provides no factual support for his statement that defendant Bruce did not provide him "equal protection of the law." To the extent that plaintiff's complaint contains these claims against defendant Bruce, they are dismissed.

Finally, in plaintiff's response brief, he suggests that defendant Bruce violated plaintiff's constitutional rights because defendant Bruce's affidavit shows that he was aware of the actions taken by Officer Knight. This argument fails for two reasons. First, plaintiff misconstrues the affidavit. In the affidavit, defendant Bruce states, "I am specifically aware of the issue with officer Knight interacting with plaintiff White. The action by officer Knight, whether or not well intended, was ill-advised, appropriate measures were taken regarding the matter and the situation did not repeat itself." (Doc. 32, Ex. 2, at 1.) This statement does not reveal involvement by defendant Bruce in the Knight incident or suggest that, at the time the incident happened, defendant Bruce was contemporaneously aware of the incident. To the contrary, later in the affidavit, defendant Bruce states, "I had no direct contact or involvement with plaintiff or with his circumstances, and have had only indirect contact with the subject matter about which he complains by way of the responses to

plaintiff's grievances, which responses were prepared by my designee and approved by me, as above noted." (*Id.*)  But second, and more importantly, consideration of the affidavit, which is attached to the *Martinez*[1] report, is improper when determining whether to grant judgment on the pleadings.  *See Ketchum v. Cruz*, 961 F.2d 916, 919–20 (10th Cir. 1992).  In ruling on defendant Bruce's motion, the court has considered only the pleadings in the case and the attachments thereto (including Doc. 4).  Defendant Bruce's affidavit does not impact the outcome of the case against him.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 72) is granted.  Defendant Bruce is dismissed from the case.

Dated this 11th day of June 2010, at Kansas City, Kansas.

>   **s/ Carlos Murguia**
>   **CARLOS MURGUIA**
>   **United States District Judge**

---

[1] *Martinze v. Aaron*, 570 F.2d 317 (10th Cir. 1978).