# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBY BRUCE WHITE, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) Case No. 07-3182-CM-DJW |
| ROGER WERHOLTZ, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Add Defendant L. E. Bruce and Amend Complaints Against Karen Rohling and L. E. Bruce (doc. 83). The Motion is now ripe and ready for consideration. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se* in this matter, asks the Court to give Plaintiff leave to file an amended complaint so as to include L. E. Bruce as a defendant in this action and to add three new claims to his Complaint. The first proposed new claim is against L. E. Bruce for allegedly violating "Plaintiff's Fifth Amendment right to 'due process' and 'equal protection of the law' in regard to the assault of the Plaintiff by Defendant Knight."[1] The second proposed new claim is against L. E. Bruce for allegedly violating "Plaintiff's Eighth Amendment right to adequate and timely medical and mental health treatment by his not transferring the Plaintiff to LCMHF/LSSH (Larned Correctional Mental Health Facility/Larned State Security Hospital) and to be free of 'cruel and

---

[1] Mot. to Add Def. L. E. Bruce and Amend Complaints Against Karen Rohling and L. E. Bruce (doc. 83) at p. 4.

unusual punishment.'"[2] The third proposed new claim is against Defendant Rohling for allegedly violating "Plaintiff's Due Process rights when she had the Plaintiff involuntarily committed to LSSH (Larned State Security Hospital)."[3] The deadline to join additional parties or to otherwise amend the pleadings in this case was March 18, 2010.[4] Plaintiff filed his Motion on April 30, 2010.

## II. STANDARD

Under Fed. R. Civ. P. 15(a)(2), after the permissive period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[5] Fed. R. Civ. P. 15(a)(2) further provides, "The court should freely give leave when justice so requires."[6] The Supreme Court has held that "this mandate is to be heeded."[7]

Leave to amend may be denied when the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[8] The decision whether or not to allow a proposed amendment rests within the sound

---

[2] *Id.*

[3] *Id.*

[4] Scheduling Order (doc. 64).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*

[7] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman*, 371 U.S. at 182).

discretion of the court.⁹ "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."¹⁰

Defendants oppose Plaintiff's Motion, arguing, in part, that allowing the amendments would be futile. A proposed amendment is considered futile if the proposed amended complaint would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted.¹¹ To determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).¹² To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."¹³ Defendants, as the party asserting futility of amendment, have the burden of establishing futility of amendment.¹⁴

---

⁹ *See Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1280 (10th Cir. 2007) (citing *Foman*, 371 U.S. 178).

¹⁰ *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008) (citations omitted); *see Minter*, 451 F.3d at 1204 ("The purpose of [Fed. R. Civ. P. 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'")(quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

¹¹ *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

¹² *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citations omitted).

¹³ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

¹⁴ *See Rural Water*, 2008 WL 1867984, at *5 (citation omitted).

However, when a motion to amend is filed beyond the scheduling order deadline, as is the case here, the Court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the liberal Rule 15(a) standard for amendment has been satisfied.[15]

To establish good cause under Rule 16(b)(4), the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.[16] "The lack of prejudice to the nonmovant does not show 'good cause.'"[17] A district court's determination as to whether the movant has established good cause under Rule 16(b)(4) sufficient to modify a scheduling order deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.[18]

---

[15] *See, e.g., Miller v. Union Pac. R.R.*, No. 06-2399-JAR, 2008 WL 4271906, at *2 (D. Kan. Sept.12, 2008) (expressly noting that this Court continues to apply the two-step analysis based on Rule 16(b) and Rule 15(a) when a motion to amend is filed past the scheduling order deadline); *Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *2-3 (D. Kan. June 30, 2008) (recognizing that "[c]ourts in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline," and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline).

[16] *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept.10, 2007).

[17] *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar.13, 2003) (citations and quotations omitted).

[18] *Burks v. Okla. Publ. Co.*, 81 F.3d 975, 978-79 (10th Cir.1996) (citations omitted).

## III. ANALYSIS

### A. Good Cause Under Rule 16(b)

As an initial matter, the Court notes that Plaintiff offers no reason as to why his Motion was filed after the deadline of March 18, 2010 set forth in the Scheduling Order. However, the Court is aware of the fact that Plaintiff is proceeding *pro se* in this matter. In addition, the Court notes that on March 31, 2010, the Court entered an Order (doc. 78) denying without prejudice Plaintiff's Motion to Amend and for Leave to File Additional Complaints Against Karen Rohling and L. E. Bruce and Leave to File (doc. 74) and Plaintiff's Motion to Show "Cause" For Additional Complaints Against Defendant Karen Rohling and L. E. Bruce and Leave to File (doc. 75) on the grounds that Plaintiff neglected to attach a copy of his proposed amended complaint to either motion, as required by D. Kan. Rule 15.1. The Court informed Plaintiff that if he were to file another motion seeking to amend his complaint, he must attach a copy of his proposed amended complaint as an exhibit to the motion. Plaintiff then filed his Motion and attached a copy of his proposed amended claims against L. E. Bruce and Karen Rohling on April 30, 2010.[19]

In light of the fact that Plaintiff is representing himself and the Court entered an Order on March 31, 2010 indicating that Plaintiff may file a motion seeking to amend his complaint, the Court finds good cause exists under Rule 16(b) to modify the scheduling order and extend the deadline for filing motions seeking to join additional parties or to otherwise amend the pleadings. The Court will therefore consider the merits of the Motion under Rule 15(a).

---

[19] Although the attached document is not a complete amended complaint, it is clear from the attached document exactly what new claims Plaintiff seeks to assert.

5

### B. Proposed New Claims Against L. E. Bruce

Although Plaintiff seeks leave to amend his complaint and add L. E. Bruce as a defendant in this action and to assert two new claims against L. E. Bruce, at the time Plaintiff filed his Motion, L. E. Bruce was in fact already a defendant in this case. Indeed, Plaintiff had already named L. E. Bruce in Counts II and III of his complaint. In those counts, Plaintiff alleges a violation of the Eighth Amendment "in regard to the assault of the plaintiff by Officer Knight and the events that followed" (Count II), and violations of the Fifth and Fourteenth Amendment rights to due process and/or equal protection of the law in regard to the same assault and the events that followed (Count III).

However, before Plaintiff filed his Motion, L. E. Bruce filed his Motion for Judgment on the Pleadings (doc. 72) on the grounds that Plaintiff failed to adequately allege L. E. Bruce's personal participation in the alleged constitutional violations. After Plaintiff filed his Motion, District Judge Murguia entered his Memorandum and Order (doc. 92) granting L. E. Bruce's motion for judgment on the pleadings, and concluding that Plaintiff's allegations fell short of the factual support required by *Twombly*.[20] District Judge Murguia explained that Plaintiff failed to identify the specific acts that L. E. Bruce took in furtherance of the alleged constitutional violations and Plaintiff's allegations were insufficient to give L. E. Bruce notice of the claims against him.

The Court has reviewed Plaintiff's proposed new claims against L. E. Bruce and concludes that Plaintiff still has not provided any additional details concerning the specific acts that L. E. Bruce allegedly took in furtherance of the alleged constitutional violations. The Court thus concludes that Plaintiff's proposed new claims fall short of the factual support required by *Twombly*. The Court

---

[20] 550 U.S. 544, 555, 570 (2007).

will therefore deny Plaintiff's request to add L. E. Bruce as a defendant and to assert new claims against him on the grounds that such amendment would be futile.

      **C.**      **Proposed New Claim against Defendant Rohling**

Plaintiff also seeks to add a claim against Defendant Rohling, namely, "Whether Defendant Rohling violated Plaintiffs Due Process rights when she had the Plaintiff involuntarily committed to LSSH (Larned State Security Hospital)."[21] Defendants argue that allowing this amendment would be futile because it lacks the necessary factual support. The Court agrees. The Court searched Plaintiff's original complaint and his proposed amended claims for any facts which support his request to add a new claim that Defendant Rohling violated his Fourteenth Amendment due process rights when she had him involuntarily committed to Larned State Security Hospital. It appears to the Court that Plaintiff has not made any allegation that he was involuntarily committed to *Larned State Security Hospital*. Rather, with respect to his involuntary commitment, it appears that Plaintiff has only alleged that Defendant Rohling violated his due process rights when she allowed him to be involuntarily committed to *Larned Correctional Mental Health Facility* without "the following of proper procedure and paperwork and court order from an adversarial due process court of law."[22] The Court cannot find any factual support for Plaintiff's proposed new claim that he was ever involuntarily committed to Larned State Security Hospital. Without such factual support, the Court must conclude that Plaintiff has not shown that his proposed new claim against Defendant Rohling is plausible. The Court therefore concludes that allowing Plaintiff to amend his complaint to include the new claim against Defendant Rohling would be futile.

---

    [21] Mot. to Add Def. L. E. Bruce and Amend Complaints Against Karen Rohling and L. E. Bruce (doc. 83) at p. 4.

    [22] Compl. (doc. 1) at p. 12.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Add Defendant L. E. Bruce and Amend Complaints Against Karen Rohling and L. E. Bruce (doc. 83) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of September 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties